**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

MORRYDE INTERNATIONAL, INC.,            )
Plaintiff,            )                Civil Action No. 3:25-cv-271
)
v.            )
AIRXCEL, INC., d/b/a Suburban,            )                **JURY TRIAL DEMANDED**
Defendant.            )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MORryde International, Inc. ("MORryde"), by and through its attorneys, files its

Complaint for Patent Infringement against Defendant Airxcel, Inc. d/b/a Suburban ("Suburban"),

alleging as follows:

## NATURE OF THE ACTION

1.        This is an action for patent infringement under the patent laws of the United States,

title 35 United States Code.  MORryde seeks remedies for Suburban's infringement of MORryde's

U.S. Patent No. 9,031,121 ("the '121 Patent"), U.S. Patent No. 10,519,671 ("the '671 Patent"),

and U.S. Patent No. 11,739,534 ("the '534 Patent") (collectively the "Patents-in-Suit").

## PARTIES

2.        MORryde is a company organized and existing under the laws of Indiana with its

principal place of business at 1966 Sterling Ave., Elkhart, IN 46515.

3.        On information and belief, Suburban is a Delaware company with regular and

established places of business in this District, including, for example, at 601 E. Beardsley Ave,

Elkhart, IN 46514.  Further, Suburban is registered to do business in Indiana and has a registered

agent for service of process, CT Corporation System, located at 334 North Senate Avenue,

Indianapolis, IN 46204.

**JURISDICTION AND VENUE**

4.      This action for patent infringement arises under Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Suburban because it has regular and established places of business in this District and is registered to do business in Indiana with a registered agent for service of process.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Suburban has committed acts of infringement in this District and has regular and established places of business in this District.

**THE PATENTS-IN-SUIT**

7.      The '121 Patent, entitled "Folding Staircase," was duly and legally issued by the United States Patent and Trademark Office on Feb. 27, 2018.  A true and correct copy of the '121 Patent is attached as Exhibit 1.

8.      The '671 Patent, entitled "Folding Staircase," was duly and legally issued by the United States Patent and Trademark Office on Dec. 31, 2019.  A true and correct copy of the '671 Patent is attached as Exhibit 2.

9.      The '534 Patent, entitled "Folding Staircase," was duly and legally issued by the United States Patent and Trademark Office on Aug. 29, 2023.  A true and correct copy of the '534 Patent is attached as Exhibit 3.

10.      MORryde is the assignee of the Patents-in-Suit and owns all right, title, and interest in the Patents-in-Suit, including the sole, exclusive, and undivided right to sue for infringement and collect damages for past, present, and future infringement of the Patents-in-Suit.

11.     The Patents-in-Suit are valid and enforceable.  Suburban has no license or authority under the Patents-in-Suit.

12.     In general, the Patents-in-Suit relate to a folding staircase for use in a door opening of vehicles such as RVs or trailers that can be easily stowed when not in use.  The '121 and '671 Patents recites the use of a spring to assist stowing the staircase while the '534 recites the use of adjustable legs to assist when the staircase is in use.  The invention addresses the need for a space-saving solution that allows for easy deployment and storage, improving accessibility, stability, durability, and convenience when entering and exiting a vehicle.

13.     With respect to the Patents-in-Suit, MORryde has complied with the marking provisions of 35 U.S.C. § 287(a).

## ACTS GIVING RISE TO THIS ACTION

14.     On information and belief, as November 2023, Suburban was making, using, offering for sale and/or selling the Suburban Stow Away Steps ("Stow Away Product") in the United States, including in this District.

15.     The Stow Away Product is a retractable staircase designed to help people enter and exit their RVs:



16.    The Stow Away Product has a staircase comprising a mounting portion and a threshold plate that is pivotally connected to the mounting portion.  This threshold plate pivots around a pivot axis, and it includes a ramped portion that joins to a spanning portion at an oblique angle.  The ramped and spanning portions each have an upper and lower surface:



17.    The Stow Away Product has an offsetting portion that extends from the spanning portion, positioned opposite of the ramped portion.  This offsetting portion extends from the lower surface of the spanning portion at an angle such that it extends generally vertically when the staircase is pivoted for use:



18.     The Stow Away Product has a pair of stringers each having an upper edge and a lower edge.  These stringers are spanned by one or more treads:



19.     The stringers in the Stow Away Product each have an adjustable leg movable in a direction substantially aligned with one of the edges of the stringers.  Each adjustable leg is selectively lockable with respect to said stringers:



20.     The Stow Away Product includes an offsetting portion connected to the stringers so that the offsetting portion, stringers, and ramped portion pivot together about the pivot axis:



21.    The Stow Away Product staircase is pivotable between first and second position. In its first position, the lower surface of the ramped portion is at a relatively near angular angle to the mounting portion.  In the second position, the lower surface of the ramped portion is at a relatively far angular position from the mounting portion that is larger than the relatively near angular position:



22.    On November 21, 2023, MORryde emailed Suburban, notifying them that it had concerns that the Suburban's products were infringing MORryde's patents.  This email specifically identified the Patents-in-Suit to Suburban.

23.    The parties exchanged emails.  Then, on January 25, 2024, MORryde provided a claim chart to Suburban identifying how the Stow Away Product infringed at least one claim of the '534 Patent.  A true and correct copy of the '534 Patent claim chart provided to Suburban is attached as Exhibit 4.

24.    After exchanging additional emails, MORryde met via telephone with Suburban on May 2, 2024, to discuss Suburban's infringement of the '534 Patent.  After this meeting, the parties exchanged further correspondence regarding Suburban's infringement of the '534 Patent.

25.    On July 18, 2024, MORryde emailed Suburban and informed Suburban that it continues to believe that its Stow Away Product infringes the '534 Patent and that it stop selling the Stow Away Product.  After not receiving a response, MORryde repeated its inquiry on August 8, 2024.

26.    On August 9, 2024, Suburban emailed MORryde to inform MORryde that Suburban was going to continue to sell the Stow Away Product.

27.    On information and belief, Suburban has and continues to make, use, sell, offer for sale, and sell the Stow Away Product in the United States, including in this District.

28.    On information and belief, at least as of October 2024, Suburban was making, using, offering for sale and/or selling the Suburban Lift Assist Step ("Lift Assist Product"), including in this District.

29.    The Lift Assist Product is a folding staircase adapted for use in a door opening within a wall having an inner wall surface located within an indoor space and an outer wall surface located in an outdoor space:



30.    The staircase of the Lift Assist Product has a pair of stringers that are spanned by a tread.  The staircase has a lower end adapted for contacting the ground surface, and an upper end adapted for abutting the outer wall surface:



31.    The Lift Assist Product has a threshold plate affixed to said stringers that is pivotable from a use position (left) to a stowed position (right) where the stringers are located within the indoor space of the vehicle:

8



32.    The threshold plate of the Lift Assist Product has a first hinge flange and a second hinge flange.  These hinge flanges are adapted for extending beyond the door opening.  The Lift Assist Product also has a first mounting bracket having a first wall mount flange including an inner edge and a first hinge flange substantially perpendicular thereto and extending from the first wall mount flange opposite of the inner edge of the first wall mount flange that is adapted for being affixed to the inner wall surface:



33.    The Lift Assist Product includes a hinge with a first mounting bracket pivotally affixed to the first hinge flange and a second mounting bracket pivotably affixed to the second

9

hinge flange. The first mounting bracket has a first wall mount flange with an inner edge and first

hinge flange substantially perpendicular thereto and extending from the first wall mount flange

where the first wall flange is adapted for being affixed to the inner wall surface:



34. The Lift Assist Product includes a second mounting bracket having a second wall

mount flange with an inner edge and second hinge flange substantially perpendicular thereto and

extending from the second wall mount flange oppositely of the inner edge of the second wall mount

flange where the second wall mount flange is adapted for being affixed to the inner wall surface:



35. The threshold plate of the Lift Assist Product has a use position wherein it overlies

the threshold and spans the door opening and a stowed position where it is located on the same

side of the door opening as the hinge and is pivotable between these two positions:

10



36.    The first hinge flange of the threshold plate in the Lift Assist Product is pivotally connected to the first hinge flange of the first mounting bracket, and the second hinge flange of the threshold plate is pivotally connected to the second hinge flange of the second mounting bracket:



37.    The mounting brackets of the Lift Assist Product are adapted for being fixed with respect to the door opening at a location beyond the door opening.  Also, the threshold plate is pivotable about a pivot axis extending through the first and second hinge flanges of the threshold plate.  The pivot axis is fixed with respect to the first hinge flange of the first mounting backet and the second hinge flange of the second mounting bracket.  The threshold plate is pivotably held between the hinge flanges of the mounting brackets so that the hinge flanges of the threshold plate

are located between the inner edges of the wall mounting flanges and the hinge flanges of the mounting brackets:



38.     The Lift Assist Product has a spring pivotally affixed about a first pivot point on hinge flange of the threshold plate at a second pivot point.  The spring is behind the wall mounting flange of the second bracket thereby leaving the door opening unobstructed when the wall mount flanges of the mounting backets are mounted to the inner wall surface.  The spring exerts a force between the threshold plate and the second mounting bracket urging rotation of the threshold plate to rotate toward its stowed position:



39.    On March 5, 2025, MORryde provided claims charts to Suburban notifying them how the Lift Assist Product infringed at least one claim of the '121 Patent and at least one claim of the '671 Patent and asked Suburban to stop its unauthorized use of the Patents-in-Suit.  True and correct copies of MORryde's claim charts of '121 Patent and '671 Patent provided to Suburban are attached as Exhibits 5 and 6.

40.    The Stow Away Product and Lift Assist Product (collective "Suburban Products") directly compete with MORryde's Step Above and Strut Assist Step Products (collectively "MORryde Products").  On information and belief, MORryde has lost sales of the MORryde Products to the Suburban Products.

41.    Suburban has provided to its customers and/or third parties manuals and instructions on how to install and use the Suburban Products, *see, e.g.,* https://suburbanrv.com/stowsteps/ (last visited March 22, 2025); https://library.suburbanrv.com/wp-content/uploads/2024/09/206348_Suburban-Stow-Away-Stairs-with-Lift-Assist-RevA-09-09-24-1.pdf (last visited March 25, 2025); https://www.amazon.com/Suburban-3-Step-Narrow-Adjustable-Stairs/dp/B0CT6BPH6G?th=1 (last visited March 22, 2025); https://www.walmart.ca/en/ip/Suburban-Mfg-Entry-Step-4104A-

Stow-Away-Steps-3-Manual-Folding-23-1-2-Inch-Width-x-13-Top-Depth-With-8-1-2-Rise-500-Pound-Capacity-Removable-Mount-2/1NQ9WQYSHR8V (last visited March 22, 2025); and

https://suburbanrvparts.com/suburban-stow-away-folding-entry-step-4103a-500-lb-capacity/

(last visited March 22, 2025).

42.     On information and belief, Suburban's customers and/or third parties have used, offered for sale, and/or sold the Suburban Products in the United States, including this District. On information and belief, Suburban is aware of this use, offers for sale, and/or sales.

43.     In addition to the notice identified in the preceding paragraphs, the filing of this Complaint is also notice to Suburban of the Patents-in-Suit, the allegations of infringement of the Patents-in-Suit by Suburban, including the allegations that Suburban's actions have induced its customers and/or third parties to infringe the Patents-in-Suit.

44.     On information and belief, despite notice of infringement, Suburban's infringement of the Patents-in-Suit continues.

## COUNT I FOR INFRINGEMENT OF U.S. PATENT NO. 11,739,534

45.     MORryde hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 44.

46.     Suburban has infringed and continues to infringe, either literally or under the doctrine of equivalents, by making, using, offering for sale, and selling within the United States, including in this judicial district, products, such as the Stow Away Product, that are covered by one or more claims of the '534 Patent in violation of 35 U.S.C. § 271(a).

47.     Claim 1 of the '534 Patent recites a staircase comprising:

a mounting portion;

a threshold plate, said threshold plate pivotally connected to the mounting portion, and pivotable with respect thereto about a pivot axis, said threshold plate including a ramped

portion joined to a spanning portion, said ramped portion and said spanning portion being at an oblique angle, said ramped portion and said spanning portion having an upper surface and a lower surface;

an offsetting portion extending from said spanning portion opposite said ramped portion, said offsetting portion extending away from said lower surface of said spanning portion at an angle with respect thereto, such that said offsetting portion extends generally vertically when said staircase is pivoted for use;

a pair of stringers having an upper edge and a lower edge, said stringers spanned by one or more treads, each of said stringers including an adjustable leg coupled thereto and movable in a direction substantially aligned with one of said edges of said stringers, each of said adjustable legs being selectively lockable with respect to said stringers;

said offsetting portion connected to said stringers so that said offsetting portion, said stringers, and said ramped portion pivot together about said pivot axis;

said staircase being pivotable between a first position wherein said lower surface of said ramped portion is at a relatively near angular position to said mounting portion and a second position wherein said lower surface of said ramped portion is at a relatively far angular position from said mounting portion, said relatively far angular position being larger than said relatively near angular position.

48.     On information and belief, Suburban has and continues to make, use, offer for sale, and sell in the United States the Stow Away Product as described in paragraphs 14-27 and 41 and such activity infringes at least claim 1 of the '534 Patent, either literally or under the doctrine of equivalents.

49.     On information and belief, Suburban has and continues to induce others to infringe in the United States at least one or more claims of the '534 Patent in violation of 35 U.S.C. § 271(b).

50.     On information and belief, Suburban sells the Stow Away Product in the United States to customers and provides customers and/or third parties with materials, such as manuals and instructions, and/or has otherwise demonstrated the use of the Stow Away Product that has and continues to induce its customers and/or third parties to directly infringe one or more claims

of the '534 Patent by using, offering for sale, and/or selling the Stow Away Product that is used as instructed by Suburban.

51.    On information and belief, Suburban is aware of the infringing use, offers for sale, and/or sales of the '534 Patent of the Stow Away Product by its customers and/or third parties.

52.    On information and belief, Suburban's acts were intentional, and that Suburban acted with knowledge of the infringement of the '534 Patent by its customers' and/or third parties' use, offers for sale, and/or sales of the Stow Away Product and with specific intent to induce its customers and/or third parties to infringe one or more claims of the '534 Patent and that these customers and/or third parties did in fact use, offer for sale, and/or sell the Stow Away Product as intended by Suburban infringing at least one or more claims of the '534 Patent.

53.    MORryde has suffered and continues to suffer harm as a result of Suburban's direct and induced infringement of the '534 Patent.

54.    Suburban has and continues to deliberately and willfully infringe one or more claims of the '534 Patent despite its knowledge of the '534 Patent, MORryde allegations of infringement of one or more claims of the '534 Patent by the Suburban Product, and Suburban customers' and/or third parties' infringement of one or more claims of the '534 Patent.

55.    MORryde has no adequate remedy at law for Suburban's infringements. As a direct and proximate of Suburban's infringements, MORryde has suffered and continues to suffer irreparable harm. Unless this Court enjoins Suburban's infringing acts, MORryde will continue to suffer irreparable harm.

56.    MORryde is entitled to remedies, including injunctive relief, in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## COUNT II FOR INFRINGEMENT OF U.S. PATENT NO. 9,903,121

57.    MORryde hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 56.

58.    Suburban has infringed and continues to infringe, either literally or under the doctrine of equivalents, by making, using, offering for sale, and selling within the United States, including in this judicial district, products, such as the Lift Assist Product, that are covered by one or more claims of the '121 Patent in violation of 35 U.S.C. § 271(a).

59.    Claim 1 of the '121 Patent recites a folding staircase adapted for use in a door opening within a wall having an inner wall surface located within an indoor space, and an outer wall surface located in an outdoor space, said door opening including a threshold, said door opening for receiving a door that separates said indoor space from said outdoor space, said folding staircase comprising:

a pair of stringers spanned by a tread, said staircase having a lower end adapted for contacting a ground surface and an upper end adapted for abutting said outer wall surface;

a threshold plate affixed to said stringers and having a first hinge flange and a second hinge flange spaced there-from, said first hinge flange and said second hinge flange adapted for extending beyond said door opening,

a first mounting bracket having a first wall mount flange including an inner edge and a first hinge flange substantially perpendicular thereto and extending from said first wall mount flange oppositely of said inner edge of said first wall mount flange, said first wall mount flange adapted for being affixed to said inner wall surface;

a second mounting bracket having a second wall mount flange including an inner edge and a second hinge flange substantially perpendicular thereto and extending from said second wall mount flange oppositely of said inner edge of said second wall mount flange, said second wall mount flange adapted for being affixed to said inner wall surface;

said first hinge flange of said threshold plate pivotally connected to said first hinge flange of said first mounting bracket, said second hinge flange of said threshold plate pivotally connected to said second hinge flange of said second mounting bracket, said mounting brackets adapted for being fixed with respect to said door opening at a location beyond said

17

door opening and said threshold plate being pivotable about a pivot axis extending through said first and second hinge flanges of said threshold plate, said pivot axis being fixed with respect to said first hinge flange of said first mounting bracket and said second hinge flange of said second mounting bracket, said threshold plate being pivotally held between said hinge flanges of said mounting brackets so that said hinge flanges of said threshold plate are located between said inner edges of said wall mounting flanges and said hinge flanges of said mounting brackets, said threshold plate being pivotable between a use position and a stowed position, said stowed position being characterized by said stringers being located within said indoor space and said use position characterized by said threshold plate overlying said threshold;

a spring pivotally affixed about a first pivot point on said second hinge flange of said second mounting bracket and said spring pivotally affixed to said second hinge flange of said threshold plate about a second pivot point, said spring being behind said wall mounting flange of said second bracket thereby leaving said door opening unobstructed when said wall mount flanges of said mounting brackets are mounted to said inner wall surface, said spring exerting a force between said threshold plate and said second mounting bracket urging rotation of said threshold plate toward said stowed position.

60.    On information and belief, Suburban has and continues to make, use, offer for sale, and sell in the United States the Lift Assist Product as described in paragraphs 28-39 and 41 and such activity infringes at least claim 1 of the '121 Patent, either literally or under the doctrine of equivalents.

61.    On information and belief, Suburban has and continues to induce others to infringe in the United States at least one or more claims of the '121 Patent in violation of 35 U.S.C. § 271(b).

62.    On information and belief, Suburban sells the Lift Assist Product in the United States to customers and provides customers and/or third parties with materials, such as manuals and instructions, and/or has otherwise demonstrated the use of the Lift Assist Product that has and continues to induce its customers and/or third parties to directly infringe one or more claims of the '121 Patent by using, offering for sale, and/or selling the Lift Assist Product that is used as instructed by Suburban.

63.     On information and belief, Suburban is aware of the infringing use, offers for sale, and/or sales of the '121 Patent of the Lift Assist Product by its customers and/or third parties.

64.     On information and belief, Suburban's acts were intentional, and that Suburban acted with knowledge of the infringement of the '121 Patent by its customers' and/or third parties' use, offers for sale, and/or sales of the Lift Assist Product and with specific intent to induce its customers and/or third parties to infringe one or more claims of the '121 Patent and that these customers and/or third parties did in fact use, offer for sale, and/or sell the Lift Assist Product as intended by Suburban infringing at least one or more claims of the '121 Patent.

65.     MORryde has suffered and continues to suffer harm as a result of Suburban's direct and induced infringement of the '121 Patent.

66.     Suburban has and continues to deliberately and willfully infringe one or more claims of the '121 Patent despite its knowledge of the '121 Patent, MORryde allegations of infringement of one or more claims of the '121 Patent by the Lift Assist Product, and Suburban customers' and/or third parties' infringement of one or more claims of the '121 Patent.

67.     MORryde has no adequate remedy at law for Suburban's infringements.  As a direct and proximate of Suburban's infringements, MORryde has suffered and continues to suffer irreparable harm.  Unless this Court enjoins Suburban's infringing acts, MORryde will continue to suffer irreparable harm.

68.     MORryde is entitled to remedies, including injunctive relief, in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## COUNT III FOR INFRINGEMENT OF U.S. PATENT NO. 10,519,671

69.     MORryde hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 68.

19

70.     Suburban has infringed and continues to infringe, either literally or under the doctrine of equivalents, by making, using, offering for sale, and selling within the United States, including in this judicial district, products, such as the Lift Assist Product, that are covered by one or more claims of the '671 Patent in violation of 35 U.S.C. § 271(a).

71.     Claim 1 of the '671 Patent recites a folding staircase in a door opening within a wall having an inner wall surface located within an indoor space, and an outer wall surface located in an outdoor space, said door opening including a threshold, said door opening for receiving a door that separates said indoor space from said outdoor space, said door movable between an open position locating said door outside of said opening and a closed position that locates said door within said folding staircase comprising:

    a pair of stringers spanned by a tread, said stringers having a lower end adapted for contacting a ground surface;

    a threshold plate affixed to said stringers, said threshold plate including a first hinge flange and a second hinge flange;

    a hinge having a first mounting bracket pivotally affixed to said first hinge flange and a second mounting bracket pivotally affixed to said second binge flange, said first mounting bracket having a first wall mount flange including an inner edge and a first hinge flange substantially perpendicular thereto and extending from said first wall mount flange oppositely of said inner edge of said first wall mount flange, said first wall mount flange adapted for being affixed to said inner wall surface;

    said second mounting bracket having a second wall mount flange including an inner edge and a second hinge flange substantially perpendicular thereto and extending from said second wall mount flange oppositely of said inner edge of said second wall mount flange, said second wall mount flange adapted for being affixed to said inner wall surface;

    said threshold plate having a use position wherein said threshold plate overlies said threshold and spans said door opening and a stowed position wherein said threshold plate is located on the same side of said door opening as said hinge;

    said threshold plate adapted for extending beyond said door opening, said threshold plate being pivotable about a pivot axis extending through said first and second hinge flanges of said threshold plate, said pivot axis being fixed with respect to said first hinge flange

20

of said first mounting bracket and fixed with respect to said second hinge flange of said second mounting bracket, said threshold plate being pivotally held between said hinge flanges of said mounting brackets so that said hinge flanges of said threshold plate are located between said inner edges of said wall mounting flanges and said hinge flanges of said mounting brackets, further comprising a spring pivotally affixed about a first pivot point on said second hinge flange of said second mounting bracket and said spring pivotally affixed to said second hinge flange of said threshold plate about a second pivot point, said spring being located on the same side of said second wall mount flange as said pivot axis extending through said first and second hinge flanges thereby leaving said door opening unobstructed when said wall mount flanges of said mounting brackets are mounted to said inner wall surface, said spring exerting a force between said threshold plate and said second mounting bracket urging rotation of said threshold plate toward said stowed position; and

said door being movable between said open and closed positions when said threshold plate is in said use position and said door being movable between said open and closed positions when said threshold plate is in its said stowed position.

72.     On information and belief, Suburban has and continues to make, use, offer for sale, and sell in the United States the Lift Assist Product as described in paragraphs 28-39 and 41 and such activity infringes at least claim 1 of the '671 Patent, either literally or under the doctrine of equivalents.

73.     On information and belief, Suburban has and continues to induce others to infringe in the United States at least one or more claims of the '671 Patent in violation of 35 U.S.C. § 271(b).

74.     On information and belief, Suburban sells the Lift Assist Product in the United States to customers and provides customers and/or third parties with materials, such as manuals and instructions, and/or has otherwise demonstrated the use of the Lift Assist Product that has and continues to induce its customers and/or third parties to directly infringe one or more claims of the '671 Patent by using, offering for sale, and/or selling the Lift Assist Product that is used as instructed by Suburban.

75.     On information and belief, Suburban is aware of the infringing use, offers for sale, and/or sales of the '671 Patent of the Lift Assist Product by its customers and/or third parties.

76.    On information and belief, Suburban's acts were intentional, and that Suburban acted with knowledge of the infringement of the '671 Patent by its customers' and/or third parties' use, offers for sale, and/or sales of the Lift Assist Product and with specific intent to induce its customers and/or third parties to infringe one or more claims of the '671 Patent and that these customers and/or third parties did in fact use, offer for sale, and/or sell the Lift Assist Product as intended by Suburban infringing at least one or more claims of the '671 Patent.

77.    MORryde has suffered and continues to suffer harm as a result of Suburban's direct and induced infringement of the '671 Patent.

78.    Suburban has and continues to deliberately and willfully infringe one or more claims of the '671 Patent despite its knowledge of the '671 Patent, MORryde allegations of infringement of one or more claims of the '671 Patent by the Lift Assist Product, and Suburban customers' and/or third parties' infringement of one or more claims of the '671 Patent.

79.    MORryde has no adequate remedy at law for Suburban's infringement.  As a direct and proximate of Suburban's infringements, MORryde has suffered and continues to suffer irreparable harm.  Unless this Court enjoins Suburban's infringing acts, MORryde will continue to suffer irreparable harm.

80.    MORryde is entitled to remedies, including injunctive relief, in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, MORryde respectfully requests the following relief:

A.    Judgement in favor of MORryde and against Suburban that Suburban has infringed and/or induced others to infringe at least one or more claims of the '121 Patent, '671 Patent, and '534 Patent;

B.      Judgement that Suburban's infringement of the '121 Patent, '671 Patent, and '534 Patent have been willful;

C.      An award of damages adequate to compensate MORryde for Suburban's infringement of the '121 Patent, '671 Patent, and '534 Patent pursuant to 35 U.S.C. § 284;

D.      An enhanced damages award of up to three times the damages found pursuant to 35 U.S.C. § 284;

E.      An award of pre- and post-judgment interest, and the taxation of all allowable costs against Suburban pursuant to 35 U.S.C. § 284;

F.      An award of all other damages permitted by 35 U.S.C. § 284;

G.      A determination that this is an exceptional case and award MORryde its costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. § 285;

H.      An order preliminary and permanently enjoining Suburban, its officers, directors, agents, servants, representatives, employees, parents, subsidiaries, successors, assigns, and all person acting in concert with Suburban from further acts of infringement and induced infringement of the '121 Patent, '671 Patent, and '534 Patent; and

I.      Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), MORryde demands a trial by jury on all claims and issues on which a jury trial is available under applicable law.

Dated:  March 27, 2025

Respectfully submitted,

By: _/s/ Joseph Saltiel_
Joseph Saltiel
**IRWIN IP LLP**
150 N. Wacker Dr., Suite 700
Chicago, IL 60606
(312) 667-6080 (Telephone)
jsaltiel@irwinip.com

_Attorney for Plaintiff MORryde_
_International, Inc._