UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MORRYDE INTERNATIONAL INC, <br><br> Plaintiff, <br><br> v. <br><br> AIRXCEL INC, <br><br> Defendant. | Case No. 3:25-CV-271-CCB-JEM |

## OPINION AND ORDER

Before the Court is Defendant Airxcel's Motion for an Evidentiary Hearing and Expedited Discovery into MORryde's Motion for Preliminary Injunction. (ECF 57). Airxcel has already responded in opposition to MORryde's motion for preliminary injunction. (ECF 51). In this motion for relief in the alternative, Airxcel seeks an evidentiary hearing and limited discovery should the Court not be prepared to deny MORryde's motion for preliminary injunction outright at this time. Plaintiff MORryde opposes this request for alternative relief. (ECF 72).

This case has been pending since March 27, 2025. (ECF 1). On December 8, 2025, MORryde filed a motion for a preliminary injunction. (ECF 40). It sought an order from this Court enjoining Airxcel from making, using, offering for sale, or selling the staircases that MORryde alleges infringe its patents until a trial on the merits. In that motion, MORryde expressed that it "does not believe that discovery, an evidentiary hearing, or argument hearing is required to rule on its Motion." (*Id.*) Airxcel opposed

the motion for preliminary injunction (ECF 51) and later filed this motion seeking the alternative relief of expedited discovery and an evidentiary hearing (ECF 57).

I. **ANALYSIS**

Airxcel seeks an evidentiary hearing because it argues that its response to MORryde's motion for preliminary injunction created genuine issues of material fact that weaken MORryde's argument. MORryde responds that there is no need for the Court to schedule an evidentiary hearing because Airxcel's response did not raise any disputed issues of material fact. It further responds that permitting discovery prior to any evidentiary hearing would constitute a de facto denial of MORryde's motion because it would allow the alleged irreparable harm caused by Airxcel's infringement to continue.

This is a patent case. Thus, Federal Circuit law governs its substance. *See Research Techs. v. Microsoft Corp.*, 536 F.3d 1247, 1255 (Fed. Cir. 2008). But the Court will apply Seventh Circuit law to matters of procedure. If a response to a motion for a preliminary injunction creates "genuine issues of material fact," then an evidentiary hearing is merited. *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997). But the burden rests on the party seeking the hearing to "persuade the court that the issue[s are] indeed genuine" such that "a hearing would be productive." *Id.*

Airxcel contends that its response to the motion for preliminary injunction created genuine issues of material on the questions of MORryde's likelihood of success on the merits and on MORryde's alleged irreparable harm. MORryde responds that no hearing is required on its motion. In support, it argues that Airxcel has not identified

2

any evidence to be introduced at the evidentiary hearing that, if believed, would weaken MORryde's argument. Pointing to the fact that Airxcel has introduced substantial evidence already in its response to MORryde's motion for preliminary injunction, it argues that any evidentiary hearing would not raise any new genuine issues and would merely delay the Court's decision, causing MORryde to suffer further irreparable harm in the interim.

Though MORryde is correct that the parties have submitted substantial evidence to accompany the already-substantial briefing of the preliminary injunction, Airxcel's response highlighted material issues in dispute that are not conclusively resolved by that evidence. For instance, in MORryde's motion for preliminary injunction, it states that MORryde and Airxcel are direct competitors in the RV folding staircase market. Citing to John Enfield's declaration, it notes that Lippert, MORryde and Airxcel's only competitor in this sector, is withdrawing from the market. This direct competitor relationship is central to MORryde's argument that Airxcel's continued sale of the challenged staircase products is causing MORryde irreparable harm. But, as Airxcel points out, Lippert is still selling foldable RV staircase products that bear a clear resemblance to those sold by Airxcel and MORryde. In its reply, MORryde shifts tack, contending that Lippert's continued sale of the staircase product is not relevant. It is enough that MORryde has suffered irreparable harm from Airxcel's infringement, it argues, citing *Polymer Technologies, Inc. v. Bridwell* for the proposition that "[t]he fact that other infringers may be in the marketplace does not negate irreparable harm." 103 F.3d 970, 975 (Fed. Cir. 1996).

3

But while "[p]icking off one infringer at a time is not inconsistent with being irreparably harmed," Lippert is not merely another infringer that MORryde will tackle once it dispenses with Airxcel. *Id.* MORryde grounded a significant portion of its irreparable harm argument on Lippert's quitting the market, repeatedly emphasizing that MORryde and Airxcel are now direct competitors. If Lippert is still in the market, as it seems to be, John Enfield's declaration is called into question, placing elements of MORryde's argument for irreparable harm on shakier ground than MORryde initially suggested in its motion. Likewise, the only evidentiary hook upon which MORryde hangs its argument for irreparable loss of market share, sales, customers, business opportunities, goodwill, and reputation, as well as price erosion, is the Enfield Declaration (ECF 38). Airxcel argues that it should have the opportunity to test the credibility of so important a witness before the Court decides whether to impose preliminary relief. The Court agrees.

Airxcel also challenges the identity of the inventors of the asserted patents in its response to the motion for preliminary injunction. Though MORryde was not required to demonstrate validity of its patents in its initial motion for preliminary injunction, once Airxcel raised credible challenges to validity the burden shifted back to MORryde. MORryde's reply in support of its motion does not resolve the matter. To briefly sketch the issue, Airxcel contends that MORryde was contracted by Forks RV, an RV manufacturer, to manufacture a folding staircase product for Quixote, a movie equipment company that sells trailers for movie lots. The drawings for the Quixote product were created by an engineer at Quixote, Chris Miko, not the named inventors

of the asserted patents, Gary Tompkins and Anthony Granzotto. A MORryde employee named Dylan Borkowski recreated those drawings so that MORryde could manufacture the product. Later, MORryde filed a patent application listing Gary Tompkins and Anthony Granzotto as inventors and reciting the elements present in the Borkowski drawings. In response to Airxcel's challenge, MORryde submitted affidavits from Tompkins and Granzotto in which both named inventors assert that no one else contributed to their conception of the asserted patents. But the fact that MORryde was producing a similar stair product for another company around the time Tompkins and Granzotto claim to have conceived of their product casts doubt on their claim to sole inventorship, which has implications for Airxcel's invalidity defense. Again, Airxcel submits that the credibility of these witnesses should be tested at an evidentiary hearing. Once more, the Court agrees.

      These are only two examples, but the Court need not sift and weigh every issue of material fact that Airxcel has raised at this time. It is enough that Airxcel has identified sufficient material issues that an evidentiary hearing "would be productive." *GMA*, 132 F.3d at 1171. MORryde's concern that scheduling an evidentiary hearing would only prolong the irreparable harm it alleges that it is currently suffering must be balanced against the seriousness of preliminary relief. Though a preliminary injunction does not "conclusively resolve" the matter, it does endure until the case is decided on the merits. *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). To enter such relief here would substantially hamper Airxcel's commercial activities until the conclusion of this case. The Court will not enter such a "drastic and extraordinary remedy" without a clearer

5

picture of the facts. *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry.*, 357 F.3d 1319, 1324 (Fed. Cir. 2004).

## II. CONCLUSION

For these reasons, Airxcel's Motion for an Evidentiary Hearing and Expedited Discovery into MORryde's Motion for Preliminary Injunction (ECF 57) is **GRANTED.** The parties are **ORDERED** to submit a joint proposal outlining a plan for the timing of the evidentiary hearing and the scope of limited discovery necessary to prepare for the evidentiary hearing no later than February 11, 2026. They are further **CAUTIONED** that any discovery taken on this expedited basis should be limited to the scope of the arguments they plan to present in the evidentiary hearing.

SO ORDERED on February 4, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT