UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MORRYDE INTERNATIONAL INC,

    Plaintiff,

    v.

AIRXCEL INC,

    Defendant.

Case No. 3:25-CV-271-CCB-JEM

## OPINION AND ORDER

On February 4, 2026, the Court granted Airxcel's motion for an evidentiary

hearing and expedited discovery into MORryde's motion for a preliminary injunction

and ordered the parties to submit a joint proposal outlining a plan for the timing of the

evidentiary hearing and the scope of limited discovery necessary to prepare for the

evidentiary hearing. (ECF 79). The parties filed a joint proposal on February 11, 2026.

(ECF 80).

Though the parties filed jointly, the proposal consists of two separate and

competing positions on scope and schedule of discovery. The Court has considered

both parties' positions and their arguments in support. It now defines the scope and

sets the schedule of discovery as follows.

### I.  SCOPE

Airxcel seeks discovery on invalidity, including inventorship and prior art; the

Asserted Patents and scope of asserted claims; inequitable conduct; and issues relating

to alleged irreparable harm, including MORryde's lack of patent enforcement against

competitor Lippert, price erosion claimed by MORryde, business and customer loss by MORryde, and the market for RV entry step products. MORryde agrees that price erosion, business and customer loss, the market for RV entry step products, and inventorship of the Asserted Patents are appropriate topics for discovery in advance of the evidentiary hearing.

To justify an evidentiary hearing on a preliminary injunction, the party who seeks the hearing "must be able to persuade the court" that such "a hearing would be productive." *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997). Likewise, the Court will only permit discovery that will be productive in advance of the hearing. To prevail on its motion for a preliminary injunction, MORryde must show that it has suffered, or "is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). And the parties have extensively briefed the question of irreparable harm, identifying several critical factual disputes. (*See* ECF 51 at 50–55; ECF 64-1 at 22–28). So discovery into MORryde's alleged irreparable harm seems certain to be productive.

The productiveness of the remainder of Airxcel's proposed topics is mixed. Airxcel seeks, and MORryde agrees to, discovery into the inventorship of the Asserted Patents. This makes sense. Inventorship is a factual question well-suited for resolution at an evidentiary hearing. If inventorship is effectively challenged, MORryde's likelihood of success on the merits will diminish. Though MORryde's agreement does not extend to prior art, discovery into prior art would also be productive. Airxcel argues that MORryde "copied" stairs manufactured by Quixote, relying in part on prior art to

call into question MORryde's inventorship claims. The strength of that defense, and its corresponding impact of MORryde's likelihood of success, could be better assessed by the light of limited discovery into prior art.

But Airxcel's other proposed discovery topics strike the Court as less likely to be productive in advance of the evidentiary hearing. General discovery into the scope of asserted claims and inequitable conduct would threaten transforming the evidentiary hearing into a full-blown bench trial. MORryde must show that it is "likely to succeed on the merits" to prevail on its motion for a preliminary injunction. *Winter*, 555 U.S. at 20. But it "need not show that it will definitely win the case." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). Discrete lines of investigation, such as inventorship and prior art, would make the evidentiary hearing more productive and are thus appropriate for expedited discovery. Open inquiry into every element of the case is not.

Accordingly, the Court will permit limited discovery into the question of irreparable harm, including the topics of price erosion experienced by MORryde, business and customers lost by MORryde to Airxcel, and the market for RV entry step products. It will also permit discovery into the likelihood of MORryde's success on the merits, but that discovery will be limited to the topics of prior art and inventorship within the context of patent invalidity.

3

## II.    SCHEDULE

### a.  Written Discovery

The deadline to serve written discovery on the limited discovery issues outlined above is 14 days from the entry of this order. The deadline to respond to written discovery and produce responsive documents will be 21 days after service of the requests.

### b.  Depositions

Fact witness depositions must be completed no later than 21 days after the written discovery response deadline. Depositions will be limited to three hours per witness.

### c.  Expert Discovery

The deadline to disclose experts and serve opening expert declarations will be 7 days after the close of fact discovery. The deadline to disclose rebuttal experts and serve rebuttal expert declarations will be 14 days after the deadline to serve opening declarations. Any expert depositions must be conducted within 21 days of the close of expert discovery.

### d.  Hearing Schedule

The evidentiary hearing will be scheduled based on the Court's availability. The hearing will occur no earlier than 14 days after the close of expert discovery.

### e. Hearing Witnesses

Fact witnesses may be called at the evidentiary hearing if they were deposed or previously submitted a declaration during the preliminary injunction briefing. Expert witnesses disclosed during expert discovery may be called at the evidentiary hearing.

### f. Effect on Future Discovery

No discovery conducted pursuant to this expedited discovery scheduling order shall prejudice the ability of either party to take discovery of all relevant issues after the resolution of MORryde's motion for preliminary injunction, including successive depositions of those deposed under this schedule.

## III. AIRXCEL'S MOTION TO STAY CASE DEADLINES

Airxcel has moved to stay all case deadlines pending resolution of MORryde's motion for a preliminary injunction. (ECF 58). In support, it argues that maintaining regular case deadlines alongside preliminary injunction deadlines will force the parties to "litigate infringement on two simultaneous, mimicking tracks," decreasing efficiency and increasing expense. (*Id.* at 1). MORryde opposes this motion. (ECF 69). It argues that a stay will put MORryde at a tactical disadvantage without meaningfully simplifying the issues. (*Id.* at 1).

The Court has broad discretion to manage its docket. *Alicea v. County of Cook*, 88 F.4th 1209, 1218 (7th Cir. 2023). Within that discretion lies the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting that a district court's power to stay is "incident" to the power to control its own docket). Some factors the Court may consider when assessing the propriety of a stay include "(1) whether a stay

will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Props. Of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sep. 27, 2013).

Though MORryde is correct to emphasize any preliminary relief would be non-binding and non-dispositive, expedited discovery and an evidentiary hearing on the issues raised in the preliminary injunction motion are nonetheless highly likely to clarify those issues. MORryde's chief concern seems to be the alleged irreparable harm it is suffering and will continue to suffer during any stay of case deadlines. The expedited discovery schedule set forth in this order will hasten resolution of precisely this issue, at least as it relates to the alleged infringement of the '534 and '850 patents. The Court will then make findings on irreparable harm that, though nonbinding, will almost certainly shape and streamline how the parties litigate the remainder of the case.

MORryde further argues that a stay will hamper its ability to continue litigating the '121 and '671 patents. But it was MORryde that filed the motion for preliminary relief related to the '534 and '850 patents. Any tactical disadvantage to MORryde's litigation of the '121 and '671 patents must be weighed against MORryde's tactical decision to seek a preliminary injunction on the '534 and '850 patents.  MORryde has little cause to complain that the Court and the parties are focusing on the preliminary injunction issues over the remaining issues in the case when MORryde was the party that sought the extraordinary remedy of a preliminary injunction.

6

Finally, the risk of this case proceeding on "two simultaneous, mimicking tracks" in the lead-up to the preliminary injunction evidentiary hearing strikes the Court as significant. The parties have already extensively briefed the preliminary injunction and associated issues. The Court has outlined an expedited discovery schedule above that will doubtless require substantial resources from the parties to complete within the deadlines. With claim construction deadlines looming, the parties are likely to find themselves expending significant effort that may well need to be duplicated depending on how the preliminary injunction is resolved.

Accordingly, the Court finds that Airxcel has shown good cause for its stay request. A stay will not unduly prejudice MORryde, and it is likely to simplify issues and streamline trial. It will also reduce the risk and burden of duplicative litigation on the parties and the Court.

## IV.    CONCLUSION

For these reasons, the Court will permit limited discovery into MORryde's alleged irreparable harm, including the topics of price erosion experienced by MORryde, business and customers lost by MORryde to Airxcel, and the market for RV entry step products. It will also permit discovery into the likelihood of MORryde's success on the merits, limited to the topics of prior art and inventorship within the context of patent invalidity. Discovery will be governed by the deadlines set forth above. Finding that Airxcel has shown good cause for a stay, the Court also **GRANTS**

Airxcel's motion to stay all case deadlines pending resolution of MORryde's motion for

a preliminary injunction (ECF 58).


SO ORDERED on March 6, 2026.

                                                 /s/*Cristal C. Brisco*
                                                 CRISTAL C. BRISCO, JUDGE
                                                 UNITED STATES DISTRICT COURT